IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCISCO GUERRERO WALSH,** | : | |
| Petitioner | : | |
| | : | No. 1:23-cv-00305 |
| v. | : | |
| | : | (Judge Kane) |
| **WARDEN OF PIKE COUNTY** | : | |
| **CORRECTIONAL FACILITY,** | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Francisco Guerrero Walsh ("Petitioner"), formerly a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). (Doc. No. 1.) He challenges his continued detention and requests a bond hearing. (Id.) For the reasons set forth below, the petition will be dismissed as moot.

**I.     BACKGROUND**

Petitioner is a native and citizen of El Salvador. (Doc. Nos. 1 at 9-1; 9-2 at 1.) On or about June 26, 2019, he entered the United States of America ("United States"). (Doc. No. 9-2 at 1.) Shortly thereafter, on July 2, 2019, a Border Patrol Agent encountered Petitioner at the I-19 Checkpoint near Amado, Arizona. (Doc. No. 9-1 at 3.) Petitioner was within a group of thirty-three (33) individuals. (Id.) The Border Patrol Agent learned that Petitioner had entered the United States at or near Nogales, Arizona from Mexico, and determined that Petitioner was an alien who had unlawfully entered the United States. (Id.) Petitioner was arrested and transported to the Nogales Border Patrol Station for further processing. (Id.)

On July 3, 2019, the Department of Homeland Security served Petitioner with a Notice to Appear charging him as removable from the United States. (Doc. No. 9-2 at 1.) This charge was

based upon Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that Petitioner was an alien who was present in the United States without being admitted or paroled, or who arrived at the United States at a time or place other than as designated by the Attorney General.  (Id.)

It appears that, initially, Petitioner had been temporarily separated from his family members to be a material witness in an alien smuggling case.  (Doc. No. 9-1 at 3.)  On July 30, 2019, Petitioner was released on his own recognizance.  (Doc. No. 9-3.)  In the order releasing him, it was explained to him that he had been placed in removal proceedings and that he was required to comply with certain conditions, including surrendering for removal from the United States, if so ordered.  (Id.)

On September 28, 2022, ICE Enforcement and Removal Operations took custody of Petitioner based upon "[n]ew material evidence[.]"  (Doc. No. 9-1 at 2.)  More specifically, Petitioner was the subject of an active, international arrest warrant.  (Id. at 5–7.)  Petitioner requested a custody redetermination pursuant to 8 C.F.R. § 1236, and on December 13, 2022, an immigration judge took "No Action[.]"  (Doc. No. 9-4.)  The immigration judge's order indicates that Petitioner waived his appeal.  (Id.)

Thereafter, on March 21, 2023, the immigration judge held removal proceedings.  (Doc. No. 9-5.)  The immigration judge denied Petitioner's applications for asylum, withholding of removal under INA § 241(b)(3), withholding of removal under the Convention Against Torture, and deferral of removal under the Convention Against Torture.  (Id. at 1.)  In addition, the immigration judge ordered Petitioner removed to El Salvador.  (Id. at 3.)  The immigration judge's order indicates that Petitioner waived his appeal.  (Id. at 4.)

Thereafter, on February 21, 2023, while Petitioner was detained at the Pike County Correctional Facility in Lords Valley, Pennsylvania, he commenced the above-captioned action by filing the instant Section 2241 petition. (Doc. No. 1.) He requests that the Court make a finding that "he is not properly included under the mandatory detention statute" and that the Court "order an immediate bond hearing where the government bears the burden of showing that his continued detention is necessary." (Id. at 6.)

On April 19, 2023, the Court, inter alia, deemed the petition filed, directed service of the petition on Respondent, and directed Respondent to respond to the allegations contained in the petition withing twenty (20) days. (Doc. No. 6.) On May 9, 2023, Respondent filed an initial response to the petition, arguing, inter alia, that it should be dismissed because Petitioner failed to exhaust administrative remedies and because he was lawfully detained under 8 U.S.C. § 1231 as an alien subject to a final order of removal, whose removal was significantly likely in the reasonably foreseeable future. (Doc. No. 9.) On July 7, 2020, Respondent filed a suggestion of mootness, indicating that Petitioner had been removed from the United States. (Doc. No. 10 at 3.)

Three (3) days later, on July 10, 2023, the Court directed Petitioner to file a response to Respondent's suggestion of mootness. (Doc. No. 11.) Petitioner has not filed a response, and the time period for doing so has passed. In addition, on July 24, 2023, mail, which had previously been sent to Petitioner, was returned to the Court as undeliverable with a note that states, "NO LONGER HERE." (Doc. No. 12.) Thus, the instant Section 2241 petition is ripe for the Court's disposition.

**II.     DISCUSSION**

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)).  In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'"  See id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)).  Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought."  See id. (citing DeFoy, 393 F.3d at 441).

These principles apply "with particular force to habeas petitions filed in immigration matters."  See Beresford v. Doll, No. 20-cv-00525, 2021 WL 199353, at *1 (M.D. Pa. Jan. 20, 2021).  As recognized by the United States Court of Appeals for the Third Circuit, administrative action taken by immigration officials addressing the concerns raised by an alien's habeas petition renders that petition moot.  See Burke v. Gonzales, 143 F. App'x 474, 476 (3d Cir. 2005) (unpublished).  For instance, a habeas petition challenging the petitioner's continued detention by ICE, on the ground that there is no significant likelihood of removal in the reasonably foreseeable future, is rendered moot once the petitioner is released from detention pending his removal from the United States.  See Sanchez v. Attorney General, 146 F. App'x 547, 549 (3d Cir. 2005) (unpublished).  Similarly, a habeas petition challenging the legality or duration of a petitioner's detention by ICE is rendered moot once the petitioner has been removed or deported

from the United States.  See Lindaastuty v. Attorney General, 186 F. App'x 294, 298 (3d Cir. 2006) (unpublished).[1]

Here, Respondent attests that Petitioner has been removed from the United States (Doc. No. 11), and a search of ICE's online detainee locator system reveals no results for him.  In addition, mail, which was previously sent to Petitioner by the Court, was returned as undeliverable based upon the assertion that he is "NO LONGER HERE," i.e., at Pike County Correctional Facility.  (Doc. No. 12.)  Thus, it is apparent that Petitioner is no longer in ICE custody and that this Court is unable to grant Petitioner the relief that he seeks in his Section 2241 petition.  As a result, the Court will dismiss the petition as moot.  See Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (explaining that, under Third Circuit precedent, "a case is moot if developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief" (citation and internal quotation marks omitted)).

III.    CONCLUSION

Accordingly, for the reasons set forth above, the Court will dismiss the instant Section 2241 petition as moot.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[1] Although these Third Circuit decisions are non-precedential, they are highly persuasive as a "paradigm of the legal analysis [that this Court] should . . . follow."  See Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996).  And, ultimately, the Court agrees with the reasoning of these decisions and concludes that, because Petitioner has "been deported and is, therefore, no longer in custody, the challenge to [his] detention is moot and the habeas petition must be dismissed."  See Lindaastuty, 186 F. App'x at 298.